**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114885

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Cynthia Pena,<br><br>　　　　　Plaintiff,<br><br>　　　vs.<br><br>Forster & Garbus, LLP,<br><br>　　　　　Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Cynthia Pena (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Forster & Garbus, LLP (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## PARTIES

5. Plaintiff Cynthia Pena is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Forster & Garbus, LLP, is a New York Limited Liability Partnership with a principal place of business in Suffolk County, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated January 29, 2018. (**"Exhibit 1."**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. The Letter states, "Depending upon your account agreement with the creditor, interest, late charges and other charges may continue to accrue on your account."

18. 23 N.Y.C.R.R. § 1.2(b) requires debt collectors to provide an itemized account of the debt, including: (i) the total amount of the debt due as of charge-off; (ii) the total amount of interest accrued since charge-off; (iii) the total amount of non-interest charges or fees accrued since charge-off; and (iv) the total amount of payments made on the debt since the charge-off.

19. The Letter fails to provide the required 23 N.Y.C.R.R. § 1.2(b) disclosures.

20. The Letter fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

21. The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

22. The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

23. For instance, the Letter fails to indicate the applicable interest rate.

24. For instance, the Letter fails to indicate the date of accrual of interest.

25. For instance, the Letter fails to indicate the amount of interest during any measurable period.

26. The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of "late charges" and "other charges" owed.

27. For instance, the Letter fails to indicate the date such "late charges" and "other charges" will be added.

28. For instance, the Letter fails to indicate the amount of "late charges" and "other charges" during any measurable period.

29. The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees, costs, interest, or "late charges" and "other charges" that may cause the amount stated to increase.

30. The Letter fails to state whether interest, fees and costs are accruing.

31. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

32. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

33. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

34. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

35. The Letter, because of the aforementioned failures, did not convey "the amount of

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

the debt" without ambiguity from the perspective of the least sophisticated consumer.

36. The Letter, because of the aforementioned failures, violates 15 U.S.C. §§ 1692e and 1692g. *See Balke v. Alliance One Receivables Management, Inc.*, No. 16-CV-5624(ADS)(AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017).

## JURY DEMAND

37. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Damages against Defendant pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

DATED: March 5, 2018

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders* _____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 114885

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530